# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Andre M. Miller,**
**Petitioner Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-1088** (Mercer County 14-C-66)

**David Ballard, Warden,**
**Mount Olive Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Andre M. Miller, by counsel Paul R. Cassell, appeals the Circuit Court of Mercer County's October 7, 2015, order denying his petition for writ of habeas corpus. The State, by counsel Zachary Aaron Viglianco, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying habeas relief because his trial counsel was constitutionally ineffective and his sentence was disproportionate to those of his co-defendants.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, the Mercer County grand jury indicted petitioner and two co-defendants on three counts related to a home invasion: burglary, a felony in violation of West Virginia Code § 61-3-11; first-degree robbery, a felony in violation of West Virginia Code § 61-2-12; and conspiracy, a felony in violation of West Virginia Code § 61-10-31. While on bond, it is alleged that petitioner committed a second robbery.

After negotiations, the parties agreed to a binding global plea agreement pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure to resolve all the charges. Pursuant to the plea agreement, petitioner pled guilty to one count of first-degree robbery and to a separate one-count information charging petitioner with an additional crime of first-degree robbery. The parties agreed that petitioner would be sentenced to concurrent sentences of forty years in the penitentiary. Further, the parties agreed to suspend these sentences so that petitioner could be sentenced as a youthful offender and placed at the Anthony Correctional Center ("Anthony Center") for six month to two years. Finally, the State agreed to dismiss the remaining charges. By order entered on February 14, 2012, the circuit court sentenced petitioner in accordance with the binding plea agreement.

1

After being sent to the Anthony Center, the warden filed a notification with the circuit court in October of 2012, stating that petitioner was unfit for the Anthony Center. On November 5, 2012, the circuit court held an evidentiary hearing during which the warden testified that petitioner violated the rules and the regulations of the Anthony Center on ten separate occasions. During the hearing, the circuit court explicitly stated that it was "going to look at [petitioner's] pre-sentence investigation report and see if there's anything that cuts [petitioner's original sentence] back." By order entered on November 5, 2012, the circuit court found that petitioner was not fit for the Anthony Center and reimposed petitioner's original sentence, allowing petitioner credit for time served at the Anthony Center. By order entered October 18, 2013, the circuit court denied petitioner's pro se motion for reduction of sentence filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure

After filing a pro se petition for writ of habeas corpus, petitioner was appointed counsel to file an amended petition. In that petition, petitioner alleged that he received ineffective assistance of counsel in that trial counsel failed to address petitioner's substance abuse issues and failed to file a Rule 35(b) motion. Petitioner also alleged that his sentence was disproportionate compared to those of his co-defendants and cumulative error. The circuit court held an omnibus evidentiary hearing on December 12, 2014. Thereafter, the circuit court entered an order denying the petition on October 7, 2015. This appeal follows.

This Court reviews a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that the circuit court erred in denying habeas relief based on his claim of ineffective assistance of trial counsel for the failure to file a Rule 35(b) motion and to investigate his substance abuse history. Petitioner also argues that the circuit court erred in denying habeas relief because he received a disproportionate sentence as compared to his co-defendants.

Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on errors alleged in this appeal, which were also argued below. Indeed, the circuit court's eighty-one page order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's

2

October 7, 2015, "Order Denying the Petitioner's Petition for Writ of Habeas Corpus and Removing it from the Docket of this Court" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II